Filed 12/18/24  Marriage of Fiore and Jimenez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of ARCANGELO FIORE and MARCIA JIMENEZ. | D082425 |
| ARCANGELO FIORE, | |
| Respondent, | (Super. Ct. No. DS38156) |
| v. | |
| MARCIA JIMENEZ, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Leonard N. Trinh, Judge.  Affirmed.

Marcia Jimenez, in pro per, for Appellant.

Clemens Warren and Daniel L. Warren for Respondent.

Ex-spouses Arcangelo Fiore (Husband) and Marcia Jimenez (Wife) are in the process of determining the division of assets omitted from their final dissolution judgment. In the course of this endeavor, the parties have litigated multiple requests by Wife for ongoing contributions by Husband to her attorney's fees and costs. At issue in this appeal is her request for $20,430 in fees and costs under Family Code section 2030.[1] The trial court found that Husband could afford to contribute to Wife's representation, but also decided that he lacked the ability to pay the full amount requested. Accordingly, it awarded Wife $2,000.

Wife requests a reversal and remand for reconsideration. She claims that the trial court erroneously excluded evidence showing Husband earned an income that was higher than he represented and that would enable him to pay her fees and costs in full. Wife also contends that the court erroneously weighed the evidence and relevant considerations. But because she fails to demonstrate that the court abused its discretion when making the challenged rulings, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

Wife and Husband were married in April 1997, and their marriage was dissolved in 2009. After the judgment, a dispute arose between the parties as to an omitted asset—a condominium in Italy that was purchased by Fiore during the marriage and sold in 2011. Trial was held in 2017 to decide the character and division of the sale proceeds. The court concluded it was an

---

[1] Subsequent undesignated statutory references are to the Family Code.

omitted community asset and awarded Wife $162,300. The present appeal marks the parties' fourth appearance before us since then.[2]

## A.    *The Prior Appeals*

The parties first appeared before us in December 2019, when we decided two appeals on the same day. In the first appeal, we affirmed the trial court's award to Wife of $162,300 in proceeds from the sale of the Italy condominium. But we remanded for further proceedings to adjudicate the character, value, and appropriate division of the personal property that was inside the condominium when it was sold, deeming those items to be omitted assets (§ 2556). We also directed the trial court on remand to rule on Wife's requests for attorney's fees under sections 3652 and 3667 and reconsider her sanctions request under section 271. (See *In re Marriage of Fiore and Jimenez* (Dec. 20, 2019, D073228) [nonpub. opn.].)

In the second appeal, Wife challenged as inadequate the award of $5,000 in pendente lite attorney's fees under section 2030. Notably, in this and the parties' other appeals, Wife has proceeded as a self-represented litigant with an appellate attorney providing "undisclosed representation." We ruled that this arrangement was not a bar to an award of attorney's fees under section 2030. As to the merits of Wife's challenge to the $5,000 award, we concluded that the amount was unreasonably low, and we directed the trial court on remand to reconsider the fee requests as a well as any pending requests for sanctions against Husband. (*In re Marriage of Fiore and Jimenez* (Dec. 20, 2019, D074927) (*In re Fiore II*) [nonpub. opn.].)

---

[2]    We assume a general familiarity with our opinions from these previous appeals, and so we discuss only the aspects of those appeals that are relevant here.

Following the remittitur in those two appeals, Wife filed a request for an order (RFO) seeking another $20,000 in pendente lite fees and costs under section 2030 to pay for counsel to represent her during the trial on the division of personal property that was inside the condominium. The court ordered Husband to pay the full amount she requested. Wife amended her RFO to claim an additional $29,728 to cover "unanticipated litigation" and an underestimation of expenses involved in preparing for trial. The court denied Wife's request for additional fees and costs without prejudice to revisiting it after trial. Wife appealed this ruling, and we affirmed. (*In re Marriage of Fiore and Jiminez* (Sept. 13, 2023, D080562) (*In re Fiore III*) [nonpub. opn.].)

## B. *Wife's Current Request for $20,430 in Attorney's Fees and Costs Under Section 2030*

The issue of attorney's fees and costs brings the parties before the court once again. In June 2022, Wife invoked section 2030 in an RFO seeking a $15,000 contribution from Husband toward her attorney's undisclosed representation in *In re Fiore III*.[3] Nine months later, in March 2023, Wife amended her RFO to increase the amount requested to $20,430, broken down into $15,000 for her appeal in *In re Fiore III* and $5,430 to cover the costs of preparing the original and amended RFOs.

In connection with Wife's amended RFO, each party submitted a sworn income and expense declaration (I&E declaration) as to their financial

---

[3] Our ruling *In re Fiore II*—that Wife's status as a self-represented litigant relying on an undisclosed representation was not a bar to attorney's fees and costs under section 2030—is law of the case. (*Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 301; see Cal. Rules of Court, rule 8.1115(b)(1) [nonpublished opinion may be cited for law of the case]; subsequent rule references are to the California Rules of Court.) In any event, Husband does not rely on this undisclosed representation as a basis to oppose Wife's request.

condition in March 2023. Wife declared that she made $1,833 in gross salary per month as a respite worker, dog sitter, and renting out her car. She also claimed $1,685 in monthly expenses, $120 in assets, and $8,417 in unpaid attorney's fees. Husband's I&E declaration reported an average monthly salary of $5,701 earned from commissions as a paper product salesperson through West Trading, a company he operated out of his then-residence in Poland. This was Husband's only reported source of income. He represented that he had monthly expenses of $9,497 and $165,000 in real estate assets. He also had paid his attorneys $46,252 and still owed them $59,591.

Husband filed a supplemental declaration that identified additional debts. He claimed to be carrying more than $484,000 in debt consisting of $76,841 that he anticipated he would owe his attorneys by the date of the hearing on Wife's amended RFO; a credit card balance of $38,526; the judgment he owed Wife, which he calculated came to $251,676 with interest; $17,007 owed on a judgment not related to Wife; and $100,000 he owed his mother and brother for money they had loaned him to pay some of his attorney's fees and to put the couple's two daughters through college. He also noted that postdissolution, he had been ordered to pay $61,000 toward Wife's attorney's fees.

Husband's declaration also identified at least one additional real estate asset. He disclosed that he owned an apartment in Italy valued at $150,000 and a house in Bonita, California, for which he had accepted an offer of $890,000. If the sale of the house were to go through, Husband believed he

could pay the judgment to Wife and repay his debts. Husband represented that his Bonita house was his only sellable asset.[4]

Before the hearing on her amended RFO, Wife lodged documents obtained through discovery related to Husband's finances. Included among them were partial Chase Bank statements of Husband's checking account activity from January 2022 through February 2023, which were in English. She also lodged invoices showing commissions Husband earned from West Trading in 2022, which were in English and Polish. In addition, Wife lodged Google-generated English translations of the following foreign-language documents from 2022 (collectively, Google translations): Husband's monthly ING Bank statements, his monthly American Express statements, a statement of his monthly mortgage activity from Intesa Sanpaolo, and his Polish tax return. She also lodged a summary of each category of financial documents, i.e., separate summaries of Husband's Chase Bank statements, ING Bank statements, American Express statements, West Trading invoices, Intesa Sanpaolo statement, and Polish tax returns. She did not, however, lodge any foreign-language financial documents other than the West Trading invoices.

In April 2023, the trial court held a hearing on Wife's amended RFO, based on the parties' declarations and lodged documents.[5] Wife contended

---

4 According to both parties' briefs, Husband has since sold this house and has been able to pay at least the principal on the $162,300 judgment owed to Wife. We do not consider this potential development because the record before us does not reflect the sale and neither party argues that the sale affects the current appeal.

5 The hearing was not transcribed by a court reporter; instead, the parties stipulated to a settled statement for this appeal under Rule 8.137(h)(2).

that the documents she lodged showed Husband's I&E declaration understated his income and that he really earned $240,000 a year, an amount she believed enabled him to pay the amount she had requested. Husband objected to the court's consideration of the Google translations because they were not certified as required by Rule 3.1110(g). He also objected to its consideration of the summaries for lack of foundation. The court sustained these objections and stated that the Chase Bank statements were the only documents concerning Husband's finances that would be considered.

As to the substance of Wife's claim, Husband maintained that the income stated in his I&E declaration was accurate. He recognized that his Chase Bank statements could be read to show a higher income than he claimed in his I&E declaration. According to Husband, his commissions earned from West Trading were deposited into his ING Bank account and transferred to his Chase account. The latter account is also where the money his brother and mother loaned him was deposited. Thus, not all deposits to the Chase account reflected income. Wife believed that these additional deposits came from a different source, but she did not offer any supporting evidence to confirm her suspicion.

Husband also questioned the accuracy of Wife's I&E declaration. He claimed that the $162,300 judgment entered in Wife's favor was accumulating $1,352 in interest every month. In his view, that interest raised Wife's income to $3,185 per month—an increase over the $1,833 she stated in her I&E declaration—and thereby made the disparity of their respective incomes "much less significant." He also asked the court to consider that Wife was due to receive more than $260,000 from the potential sale of his house in Bonita.

The court issued a findings and order after hearing (FOAH) from which Wife timely appeals.[6] After "consider[ing] the income and expenses of both parties," the court found "that there is a disparity in access to funds in favor of Husband." It also found "that Husband has an ability to contribute to Wife's attorney's fees," "that Husband has significant debt and still owes his own legal counsel a significant amount of money," and that "Husband does not have the ability to pay for the full representation of Wife." Accordingly, the court awarded Wife $2,000.

## DISCUSSION

### A. *The trial court did not commit any prejudicial errors in excluding Wife's summaries of certain of Husband's financial documents.*

As noted, the trial court excluded the Google translations and Wife's summaries of Husband's financial documents. Wife concedes that the Google translations were inadmissible, and she does not dispute the exclusion of either the West Trading invoices or her summary of them. She does, however, challenge the exclusion of her summaries of the Google translations and her summary of Husband's Chase Bank statements on the theory that she laid an appropriate foundation for them.

We review the trial court's exclusion of these summaries for prejudicial abuse of discretion. (*In re Marriage of Boblitt* (2014) 223 Cal.App.4th 1004, 1022 [family court is bound by the rules of evidence]; *Christ v. Schwartz*

---

6     This is an appealable order under Code of Civil Procedure section 904.1, subdivision (a)(2). Wife supports her claims of error with the statement in the court's earlier minute order that "the requested fees and costs are reasonably necessary." But because the FOAH is the appealable order, we do not entertain any arguments based on the contents of the minute order.

8

(2016) 2 Cal.App.5th 440, 446–447 (*Christ*) [standard of review].) "Claims of evidentiary error . . . are reviewed for prejudice applying the 'miscarriage of justice' or 'reasonably probable' harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818, 836 . . . . Under the *Watson* harmless error standard, it is the burden of [Wife] to show that it is reasonably probable that [she] would have received a more favorable result . . . had the error not occurred." (*Christ*, at p. 447.)

A summary of voluminous writings may be admissible under Evidence Code section 1523, subdivision (f). (*Schellinger Brothers v. Cotter* (2016) 2 Cal.App.5th 984, 1008.) One foundational requirement for the admission of such a summary is that it and the contents of the writings summarized are admissible. (Evid. Code § 1521; *Pajaro Valley Water Management Agency v. McGrath* (2005) 128 Cal.App.4th 1093, 1108.) Considering Wife's concession that the Google translations were inadmissible, it follows that summaries of those same documents were inadmissible. Thus, the court did not abuse its discretion in declining to consider Wife's summaries of Husband's ING Bank statements, American Express statements, Intesa Sanpaolo mortgage statement, and Polish tax return.

We would reach the same conclusion even without Wife's concession. Attempting to lay a foundation for the admission of her summaries of Husband's financial documents, she asserted, "The exhibits . . . are true and correct copies of [Husband's] 2022 Polish Tax return [and] bank statements he produced in response to [Wife's discovery requests]. The summaries in the exhibits accurately reflect the numbers stated in the documents produced, which Respondent can easily confirm." A proponent of a summary must authenticate the summary and the writings it summarizes. (Evid. Code, §§ 1521, subd. (c), 1401, subds. (a)& (b) .) The Google-generated translations of

9

Husband's ING Bank statements, American Express statements, Intesa Sanpaolo mortgage statement, and his Polish tax return were, purportedly, English translations of foreign-language documents. But these translations were not, as Wife suggests, "true and correct" copies of the original foreign-language documents; rather, the translations were derivatives of the original documents. It follows, then, that Wife's summaries of the English-language Google translations do not "accurately reflect the numbers" stated in the foreign-language documents. Accordingly, Wife's attestation did not authenticate these summaries.

As for the exclusion of her summary of Husband's Chase Bank statements, any error was harmless because the underlying statements were not excluded. Thus, it was not reasonably probable a more favorable result would have been reached had the error not been made. (*Christ*, *supra*, 2 Cal.App. at p. 447; Evid. Code § 354.).

## B. *The trial court did not abuse its discretion in ordering Husband to contribute only $2,000 toward Wife's attorney's fees and costs.*

Wife contends the $2,000 award under section 2030 was unreasonable mainly because the court did not appreciate that the financial documents she lodged showed a higher income than Husband represented in his I&E declaration. She believes the judge erroneously characterized Husband's debt as "significant," and failed to fully consider the characteristics of the parties, the magnitude of the financial disparity between them, or Husband's ability to pay her fees. For his part, Husband contends that the award was reasonable based on the parties' circumstances, including their respective incomes and expenses and his limited ability to contribute toward Wife's attorney's fees and costs. He also accuses Wife of over-litigating the issue of personal property in the condominium which he argued was relevant to the

10

reasonableness of her request because the fees the parties have incurred were not commensurate with the value of the property at issue.

Section 2030, subdivision (a) provides that "if necessary based on income and needs assessments," the court may order one party to pay the other party's attorney's fees in an amount that is "reasonably necessary" to "ensure that each party has access to legal representation." The purpose of such an award is to provide one of the parties, if necessary, with an amount adequate to properly litigate the controversy. (*In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 768 (*Sullivan*); *In re Marriage of Ward* (1992) 3 Cal.App.4th 618, 627.) The decision to award pendente lite fees "should be the product of a nuanced process in which the trial court should try to get the 'big picture' of the case," which may include both parties' assets and debts. (*Alan S. v. Superior Court* (2017) 172 Cal.App.4th 238, 255 (*Alan S.*); § 2032, subd. (b).)

When a request for attorney's fees is made under section 2030, "the court shall make findings on whether an award of attorney's fees and costs . . . is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs." (§ 2030, subd. (a)(2).) "[A] motion for attorney fees and costs in a dissolution proceeding is left to the sound discretion of the trial court. [Citations.] In the absence of a clear showing of abuse, its determination will not be disturbed on appeal." (*Sullivan, supra*, 37 Cal.3d at pp. 768–769.) Accordingly, we will reverse an order granting attorney's fees only if we are convinced that no judge could reasonably have made the order. (*Ibid.*)

We are not so convinced here. In awarding Wife $2,000, the court made the findings required by section 2030, subdivision (a)(2)—it found that (1) an award was appropriate; (2) there was a disparity in access to funds in Husband's favor; (3) he could contribute to Wife's attorney's fees; and (4) his "significant debt" prevented him from paying the total amount requested. (§ 2030, subd. (a)(2).) In determining the appropriate award, the court properly excluded most of the evidence Wife relied upon to inflate Husband's income to a figure she believed would enable him to pay the total amount requested. The court was left with Husband's Chase Bank statements, a credible explanation for the additional deposits made to that account, and evidence of ongoing debt that, by any reasonable measure, would be considered "significant."[7] We also appreciate how the trial judge is in the best position to evaluate the nuances of the case that may not be apparent from the appellate record. Considering all the relevant circumstances, we are unpersuaded that no reasonable judge could have reached the same conclusion.

Wife argues that the court did not see the evidence and the relevant considerations the same way she did, and she urges us to reverse and remand on that basis. We cannot indulge these arguments, however, because we neither reweigh the evidence nor "substitute our notions of fairness for the trial court's" when reviewing for abuse of discretion. (*Cho v. Seagate Technology Holdings, Inc.* (2009) 177 Cal.App.4th 734, 743.) The record reflects that the trial court "actually exercised its discretion" in "fashioning a need-based fee award" of $2,000 after considering the "big picture" depicted

---

7    We tend to agree with Wife that the judgment Husband owed her should not be considered debt for these purposes. Even so, Husband provided unrebutted testimony about other debts totaling more than $230,000, an amount that would be "significant" when compared to his income.

by the evidence it could properly consider. (*Alan S.*, *supra*, 172 Cal.App.4th at p. 254, internal quotation marks omitted.) Wife's disagreement with how that discretion was exercised is not a basis for us to compel the trial court to reconsider its order.

Wife's other arguments are also unpersuasive. She accuses the trial court of treating her unfairly because she perceives that it inappropriately limited her arguments, "acquiesced" to Husband's arguments, and displayed a lack of impartiality. Our review of the record reveals inadequate support for these complaints. Wife also implies that our holding in *In re Fiore II*, where we reversed an order awarding her $5,000 in fees, supports a reversal in this case. But *In re Fiore II* is an unpublished opinion that is not citable for this principle.[8] (Rule 8.1115(b)(1).) In any case, *In re Fiore II* does not help Wife's cause because that opinion was filed five years ago, and we must focus our analysis on the evidence that was properly before the trial court of "the parties' *current* incomes, assets, and abilities." (*In re Marriage of Dietz* (2009) 176 Cal.App.4th 387, 406, italics added.)

---

[8]     None of the exceptions stated in Rule 8.1115(b)(1) for citing an unpublished opinion apply because our reversal in *In re Fiore II* is not law of the case (see *Searle v. Allstate Life Ins. Co.* (1985) 38 Cal.3d 425, 434–435), and neither party has invoked the doctrines of res judicata or collateral estoppel.

## DISPOSITION

The order awarding Wife $2,000 in attorney's fees is affirmed. Respondent is entitled to costs on appeal.

DATO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

KELETY, J.